In the Matter of George R. JOSLYN, Bankrupt.

Thomas Hart FISHER

v.

George R. JOSLYN.

No. 11277.

United States Court of Appeals Seventh Circuit.

June 1, 1955.

Rehearing Denied July 8, 1955.

Thomas Hart Fisher, Norman Crawford, Chicago, Ill., for appellant.

Alvin G. Hubbard, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and FINNEGAN, Circuit Judges.

MAJOR, Circuit Judge.

The instant controversy casts serious doubt upon the ancient and widely acclaimed principle that all earthly matters must sometime come to an end. The appellant, Thomas Hart Fisher, appeals from an order of the district court entered July 2, 1954, overruling objections and exceptions by Fisher to a report of a Referee in Bankruptcy which had denied Fisher's petition for the allowance of attorney's fees for services rendered in the matter of George R. Joslyn, bankrupt, and for reimbursement of expenses incurred in connection therewith. This bankruptcy proceeding has given rise to bitter and prolonged litigation, as is evidenced by five previous appeals to and decisions by this court. In re Joslyn's Estate, 7 Cir., 168 F.2d 803; In re Joslyn's Estate, 7 Cir., 171 F.2d 159; Young v. Handwork, 7 Cir., 179 F.2d 70, 16 A.L. R.2d 825, certiorari denied 339 U.S. 949,

70 S.Ct. 804, 94 L.Ed. 1363, rehearing denied 339 U.S. 991, 70 S.Ct. 1021, 94 L.Ed. 1392; In re Fisher, 7 Cir., 179 F. 2d 361, certiorari denied Kerner v. Fisher, 340 U.S. 825, 71 S.Ct. 59, 95 L.Ed. 606; In re Joslyn, 7 Cir., 198 F.2d 673, certiorari denied Benevolent & Protective Order of Elks of U. S. v. Joslyn, 345 U.S. 905, 73 S.Ct. 640, 97 L.Ed. 1341. Few, if any, of the numerous lawyers who have participated in this extended litigation, including the bankruptcy trustee, have escaped a charge of wrongdoing. Even judges whose hands have touched the proceeding have not remained immune from charges of bias and prejudice.

In the view which we take of the present situation, we need do no more than refer to our previous decisions for a statement of the background facts. Subsequent to the mandate of this court in In re Joslyn, 7 Cir., 198 F.2d 673, a number of attorneys, including Fisher, as well as the trustee in bankruptcy, filed claims for fees for services rendered in connection with the proceeding and for the reimbursement of expenses incurred in connection therewith. Thereupon, the matter was referred to a Referee in Bankruptcy to hear proofs and to report whether claimants were entitled to an allowance and, if so, the amount thereof, and to report his findings and conclusions to the court. Fisher refused or neglected, for reasons subsequently shown, to participate or take part in the hearing before the Referee. Extensive hearings, however, were held relative to the other claimants, some of whose claims were allowed, some denied. Inasmuch as Fisher alone has appealed, we need not be concerned with the manner by which the claims of others were disposed of.

■ Fisher, on April 2, 1953, filed his petition for fees, which stated generally the services he had rendered, the amount of time which he had spent and money which he had expended for which he claimed reimbursement. Defendant here attacks the sufficiency of this petition as not being in compliance with the provision of the Bankruptcy Act relative to claims. However, we need not be concerned with any issue on this score because subsequently, during the course of the proceedings before the Referee, Fisher filed an amended claim which defendant contends was filed without leave of court. The record indicates that Fisher was given oral leave, both by the court and by the Referee, to file his amended claim. In any event, the Referee in his report makes numerous references to the fact that it was filed, and the treatment accorded it strongly indicates that the Referee considered it as properly filed. Moreover, no objection was interposed by defendant to the filing of the amended claim or to its consideration by the Referee; in fact, defendant's counsel in oral argument before this court stated that he joined in the request that it be introduced into and made a part of the record. Under these circumstances, there is no merit to defendant's contention that the amended claim should be ignored.

It is not contended, as we understand, but that the amended claim complied with the relevant provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. This claim covers fifteen pages of the printed record and itemizes in great detail the services rendered by Fisher and the number of hours spent in connection therewith, which in the aggregate total 7,702¾ hours. Fisher also in his amended claim sought reimbursement for an unpaid balance of $6,055.75, for cash disbursements made by him in connection with the rendition of his services.

It is important to note, as this court held on a previous appeal, 168 F.2d 803, 806, and as all parties now concede, the Joslyn bankruptcy is and was a solvent estate. It appears under the rationale of Watkins v. Sedberry, 261 U.S. 571, 43 S.Ct. 411, 67 L.Ed. 802, that in such a situation the applicable rule and the procedure to be followed is different from that of a case where the estate is insolvent. Without attempting a detailed discussion of that case, it clearly appears that such a situation results in an adversary proceeding between the claimant and the bankrupt, in which the creditors

of the estate are without interest or concern. This is important because it forms the basis for Fisher's contention that the Federal Rules of Civil Procedure, 28 U.S.C.A., were applicable and that the parties were entitled to a determination of the issues, either by the court or a Master, prior to a hearing and decision.

In response to Fisher's petition, defendant filed an answer which covers some forty-six pages of the printed record. In this voluminous document there is not a single word of denial that Fisher rendered services as claimed, or that the time for which he claimed was excessive, or that he expended the money for which he claimed reimbursement. The answer commences:

> "For answer to the petition of Thomas H. Fisher, George R. Joslyn alleges that Thomas H. Fisher has been using and abusing the process of United States Courts in this proceeding and the process of the courts of Illinois in other proceedings, all as a part of a scheme by the said Fisher for extorting money from this respondent and the members of his family for his own personal gain, and because of such disreputable, fraudulent and unprofessional conduct, said Fisher has no standing in this or any other court for the purpose of recovering either fees or disbursements."

And it concludes:

> "Wherefore said Fisher has no standing in this Court or any other court to recover any fees or any disbursements and the petition of Thomas H. Fisher, should be denied and the costs herein should be taxed against Thomas H. Fisher."

In support of the scheme with which Fisher was charged, defendant in his answer sets forth in great detail the proceedings in the bankruptcy matter from its inception, including numerous and lengthy colloquys which took place in court and in which Fisher was a participant. The answer also described the proceedings in and set forth quotations from the opinions of at least six Illinois State court cases which involved alimony claims, suits for separate maintenance and divorce proceedings between the bankrupt and Charlotte C. Joslyn, his wife, who was represented by Fisher.

On May 15, 1953, Fisher filed objections and his motion to strike defendant's answer. In this motion it was alleged that none of the allegations in the answer, including those relative to the State court litigation, had any relevancy or materiality to the fee application and that the allegations relative to the bankruptcy proceedings had been considered and decided by this court on previous appeals, and that the decisions on such questions were *res adjudicata* and constituted an estoppel against the charges now directed at Fisher. Fisher further set forth in his motion in some detail the size and extent of the records made on previous appeals, together with the costs and expenses incurred, which in total amount exceeded the sum of $50,000. The record is not too clear, but it appears that the court referred Fisher's objections and motion to strike to the Referee. In any event, the motion was not ruled upon until after the hearing before the Referee had been terminated and his report made.

The Referee found that Fisher had "refused to testify in support of his petition," that such refusal had "prevented any inquiry or cross-examination in respect of the items in the amendment to his petition," and that his refusal to testify "prevented direct inquiry into his conduct as an attorney in this proceeding although in the answer and amendment to the answer of George R. Joslyn, Fisher was charged with improper conduct." The Referee concluded that there was no evidence to support a recommendation for fees and expenses to Fisher, and that Fisher had "deliberately waived any and all claims to an allowance to attorney's fees and reimbursement of expenses in this proceeding by his refusal to appear and testify before the undersigned in support of his petition as amended."

■ In our view, this being an adversary proceeding, Fisher as well as the

defendant was entitled, prior to a hearing, to have the material issues between the parties defined, and this is what he attempted to have done by his objections to the answer and his motion to strike. Until this was done, he had no alternative but to refuse to testify in view of the apparent purpose of defendant, as evidenced by the allegations of his answer, to relitigate all that had gone before, both in the bankruptcy proceedings in the Federal courts and in the marital litigation which had taken place between Joslyn and his wife in the State courts. Furthermore, as we have noted, Fisher's sworn amended petition for fees and reimbursement of expenses, itemized in meticulous detail, was not challenged by defendant in his answer or in any other form. Thus, it would seem that Fisher's amended petition under such circumstances was sufficient, at least to make a prima facie case, which cast the burden upon the defendant to overcome. The Referee, as we understand, refused in this absence of Fisher to consider any proof offered by the defendant in support of his affirmative defenses. Certainly Fisher was under no obligation to appear at the hearing before the Referee for the purpose of refuting the so-called affirmative defenses, until it had been determined that they were material. We think that Fisher waived nothing by his failure to appear.

In our view, the conclusion is inevitable that the district court erred in its refusal or failure to formulate the relevant issue or issues prior to the hearing. Even so, we are troubled as to the manner in which we should return the matter to the district court. We have refrained from making more than a brief comment upon the nature of defendant's answer, which sets forth his so-called affirmative defenses, for the reason that we think it is for the trial court to determine in the first instance whether they or any of them are sufficient to withstand Fisher's motion to strike.

We hope, however, it will not be considered as presumptuous on our part to make a few general observations, only with the thought that they may be of some aid in bringing to a termination this prolonged and vexatious litigation. In reading defendant's answer, as well as his brief in this court, it is evidently his intention and undoubtedly his purpose to relitigate many issues which have heretofore been raised and decided. This he is not entitled to do because these previous decisions are *res adjudicata*, they are the law of the case. This is so notwithstanding what has been held or stated by the Illinois courts either in actions related or unrelated to the instant litigation. So that there will be no misunderstanding, we perhaps should make reference to defendant's argument that Fisher represented no client who had a provable claim in the bankruptcy proceeding. This same contention was made on the second appeal to this court. This court rejected the contention, however, and held 171 F.2d 159, 167, "It is our view that the Elks has a provable claim in the bankruptcy proceeding, and we so hold." On this point, this is the law of the case. We only mention this one point because defendant appears to contend that this court in a later appeal, 198 F.2d 673, 674, changed its ruling on the point under discussion. We do not so understand. The court in the latter case was discussing the relation which the Elks sustained to the receiver in the State court and not its status as a creditor in the bankruptcy court. Finally, defendant claims that Fisher's contract of employment with the Elks is champertous and that no recovery can be had thereunder. We think there is no merit in this contention but, in any event, it is immaterial because, assuming that it was, it would constitute no bar to a recovery by Fisher on a *quantum meruit* basis. Watkins v. Sedberry, 261 U.S. 571, 576, 43 S.Ct. 411, 67 L.Ed. 802.

The order appealed from is reversed and the cause remanded, with directions that the relevant issue or issues be determined as a prerequisite to and as a basis for a hearing and decision.